## MARY E. KING v. STATE.

No. A-7858.  Opinion Filed May 16, 1931.
Rehearing Denied May 23, 1931.
(299 Pac. 231.)

Brownlee & Blaine, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the county court of Kingfisher county of the crime of unlawful possession of intoxicating liquor, and her punishment fixed by the jury at a fine of $50 and imprisonment in the county jail for a period of 30 days.

The evidence of the state was that the defendant was operating a grocery store in the town of Kingfisher; also a soft drink stand and lunch counter, had tables in another room where she served meals, and had rooms over the store where she kept roomers; that the officers had a

search warrant to search the buildings and premises located on lots 9, 10, 11, and 14, block 73, in Kingfisher; that they found a gallon of wine and a number of empty bottles in the store building; that on one of the lots they found three bottles of beer, and in the house they found a 10-gallon stone brew jar with some brew in it; that there were pitchers, dippers, and cups sitting on a table; that defendant had a key to the dwelling house, but it was not occupied; that the state had the liquor analyzed and the wine contained 3.25 per cent. and the beer 3.6 per cent. alcohol.

Defendant, testifying for herself, admitted that the jug of wine was in the kitchen, but claimed her husband had brought it there in 1927 and left it, and that she was divorced from her husband and did not know what the jug had in it. She also claimed that a part of the house back of the store was occupied by Austin Jackson, and that she had furniture stored in a part of the house.

Defendant contends first that the search was illegal because the warrant was not served within the three days required by law.

The copy of the warrant attached to plaintiff in error's motion to suppress the evidence shows that it was issued on the 25th day of July, 1929, and the return of the sheriff shows that it was served on the 27th day of July, 1929, which brings such service within the three days required by law. The affidavit and warrant being sufficient to authorize the search, the evidence obtained thereby was admissible.

Defendant also contends that the proof of the state failed for the reason that the physician who made the analysis of the wine and beer failed to testify that such liquid was suitable for use as a beverage.

This court takes judicial notice that wine is intoxicating.

The defendant is in no position to complain, since the state went beyond the requirements of the law to establish by proof, not only that it was wine, but that it contained more than one-half of 1 per cent. of alcohol measured by volume.

The other errors complained of by defendant being equally without substantial merit, the cause is affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., absent.